## CYRUS WORMELL *versus* CYPRUS EUSTIS.

In an action, brought upon the statute to recover money lost by betting on the event of an election, if the plaintiff in his writ allege in substance that on, &c., he bet with defendant $50, that A. B., who was then a candidate for the office of Governor of said State, to be voted for by the people at said annual State election, would then be elected by the people; that defendant won the bet and received the money; — these averments, supported by proof, will bring the plaintiff within the provisions of the statute.

But if, in the report of the evidence, it neither appears *what* office it was, to which the parties bet A. B. would be elected, nor that he was a *candidate* for that office, the proof fails to establish material averments in the writ.

ACTION OF DEBT, brought on the statute of 1841, c. 172, to recover money lost by betting on the election of a candidate for the office of Governor.

At the August term, 1857, before CUTTING, J., the case was opened to the jury, and, after the evidence was introduced, the parties agreed that the presiding Judge should REPORT the same for the consideration of the full Court, who were authorized to draw inferences from the evidence as a jury might, and to render such judgment as the legal rights of the parties require.

The evidence bearing upon the questions decided in the case sufficiently appears in the opinion of the Court.

*W. W. Bolster*, argued for the plaintiff.

*Record & Walton*, for the defendant.

The opinion of the Court was drawn up by

CUTTING, J.— The first and second sections of the statute of 1841, c. 172, prohibit any person from betting or wagering "any sum or sums of money upon any election, or the event of any election of President of the United States, or Governor of this State, or any member of congress, or of any man to any office," and, among other things, that any sum so lost and paid may be recovered by the losing party, with interest from the time it was received, by an action of debt.

Such an action has been commenced against the defendant. The writ contains two counts, the first of which only is based on the statute, and the only one proper for our consideration. In that count, the plaintiff, in substance, alleges that, " on the blank day of August, 1855, he bet or wagered with the defendant fifty dollars that one Anson P. Morrill, who was then a candidate for the office of Governor of said State, to be voted for by the people, at said annual State election, would then be elected Governor by the people,"—that the defendant won the bet and received the money.

It is incumbent on the plaintiff, in order to bring himself within the provisions of the statute, to prove that he bet a sum of money with the defendant on the event of the election of a Governor of this State, and further, according to his averment, that such candidate was Anson P. Morrill. And the defendant's counsel contend that the plaintiff has failed in those particulars. This brings us to an examination of the evidence bearing upon those points.

Walter S. Chase, called by the plaintiff, testified that the parties were in his store about the middle of August, 1855, that " they then made their statement that, if Anson P. Morrill was elected by the people, the money was to be the plaintiff's, if not, to be defendant's."

" The plaintiff was then called and testified as follows: I and the defendant made the bet as stated by Chase. We stated the bet over to him when we deposited the money, that if Morrill was elected by the people, he was to pay the money to me, if not, to the defendant; he has stated to me that he had received the money on that bet. In November, he spoke to me and asked me if that money belonged to him; I told him I did not know — better wait until Legislature met."

We can infer from the foregoing evidence, that the bet was in relation to the election of Mr. Morrill to some office by the people, but are we authorized to infer that the office was that of *Governor* of this State, when no office is mentioned by either witness. We know, judicially, that Mr. Morrill was acting

Governor in 1855, and that he was not so acting in 1856, but we have no *judicial* knowledge that he was a candidate for *that* office when the bet was made, or that he subsequently received any votes from the people. If the term re-elected had been used by the parties, instead of " elected by the people," it would have been sufficient, but even that expression does not occur. We are, therefore, of the opinion that the averment in the declaration brings the plaintiff within the provisions of the statute, but that the evidence does not support the averment. And the plaintiff must become *nonsuit.*

TENNEY, C. J., HATHAWAY, MAY, and GOODENOW, J. J., concurred.